

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00754-CV

**IN RE AMROCK, LLC** f/k/a Title Source, Inc.

Original Proceeding[1]

PER CURIAM

Sitting:      Lori I. Valenzuela, Justice
               Adrian A. Spears II, Justice
               H. Todd McCray, Justice

Delivered and Filed: March 11, 2026

DENIED

On November 21, 2025, Relator Amrock, LLC, f/k/a Title Source, Inc., filed a petition for writ of mandamus asking our court to compel the trial court to vacate its order granting certain discovery in the underlying case. On November 24, 2025, this court granted temporary relief and stayed the trial court's November 19, 2025 order pending resolution of this petition. After consideration, we deny Relator's petition.

"The party who seeks to limit discovery by asserting a privilege has the burden of proof." *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding).

---

[1]This proceeding arises out of Cause No. 2016-CI-06300, styled *HOUSECANARY INC. F/K/A CANARY ANALYTICS VS AMROCK LLC F/K/A TITLE SOURCE INC.*, pending in the 438th Judicial District Court, Bexar County, Texas, the Honorable Rosie Alvarado presiding.

> Generally, a trial court conducts an in camera inspection to determine if a document is in fact privileged. If it is not privileged, then it may become evidence that the factfinder may consider. If the document is privileged, it is not subject to discovery and may not be considered by the factfinder, even when the factfinder is the trial court.

*Goode v. Shoukfeh*, 943 S.W.2d 441, 448 (Tex.1997). Based on the record provided in these proceedings, we are unable to determine whether the trial court abused its discretion by ordering the complained of discovery. Accordingly, this petition for writ of mandamus is denied and our stay of the trial court's November 19, 2025 order is lifted.

PER CURIAM